**Electronically Filed
Intermediate Court of Appeals
29387
18-JAN-2012
08:06 AM**

NO. 29387

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DEREK KAAUKAI, Petitioner-Appellant/Appellant,
v.
COUNTY OF MAUI AND COUNTY OF MAUI POLICE COMMISSION,
Respondents-Appellees/Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 07-1-0495(1))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

In this secondary appeal, Petitioner-Appellant/
Appellant Derek Kaaukai (Kaaukai) appeals from the final judgment
filed on September 18, 2008 in the Circuit Court for the Second
Circuit (circuit court).[1] Kaaukai filed an appeal in the circuit
court from the County of Maui Police Commission's (Commission)
decision and order denying his request for legal representation.
On August 21, 2008, the circuit court issued an order determining
that the appeal was moot and affirming the decision of the
Commission. The circuit court thereafter entered final judgment
in favor of Respondents-Appellees/Appellees County of Maui
(County) and the Commission.

---

[1]  The Honorable Joel E. August, presided.

On appeal, Kaaukai contends that the circuit court erred in holding that his appeal was moot. In particular, Kaaukai argues that: the circuit court should not have considered settlement and court dismissal documents that were not a part of the Commission records; the circuit court erred in determining that the appeal was moot; the circuit court erred in failing to consider the appeal based on the "public interest" exception to mootness; and, although not raised before the circuit court, the "collateral consequences" exception to the mootness doctrine applies in this case.

Appellant Kaaukai is a former police officer with the Maui County Police Department. Kaaukai was named as a defendant in a lawsuit filed by Joseph Crisafulli (Crisafulli), who claimed that in December 2004, Kaaukai and another officer battered him in a cane field after he was arrested and while en route to the police station. Crisafulli also named the other officer and the County as defendants in the lawsuit, which was removed to federal court.

After Crisafulli's lawsuit was filed, Kaaukai requested legal representation from the County pursuant to Hawaii Revised Statutes (HRS) § 52D-8 (1993 Repl.).[2] Under HRS § 52D-9, the Commission determines whether an act was done in the performance

---

[2] HRS § 52D-8 provides:

> [§52D-8] **Police officers; counsel for.** Whenever a police officer is prosecuted for a crime or sued in a civil action *for acts done in the performance of the officer's duty as a police officer*, the police officer shall be represented and defended:
>
> . . .
>
> (2) In civil cases by the corporation counsel or county attorney of the county in which the police officer is serving.

(Emphasis added).

of the officer's duty and thus, whether the officer qualifies for representation under HRS § 52D-8. HRS § 52D-9 (1993 Repl.).[3] The Commission denied Kaaukai's request for representation and Kaaukai demanded a contested case hearing.

The Commission held a contested case hearing on September 21, 2007 and on October 17, 2007 issued its Findings of Fact, Conclusions of Law, and Decision and Order (Commission Decision), which denied Kaaukai's request for legal representation.

Kaaukai appealed to the circuit court pursuant to HRS § 91-14 (1993 Repl. & Supp. 2010),[4] arguing *inter alia* that the Commission Decision should be reversed because the Commission violated the law and its own procedures in rendering its decision, the Commission improperly placed the burden of proof on Kaaukai, and there was insufficient evidence to support the result.

The parties filed briefs with the circuit court, and the County attached to its answering brief a Release and Indemnity Agreement (Release) dated December 19, 2007 and a Stipulation for Dismissal With Prejudice of Plaintiff's Claims Against Defendants (Stipulation for Dismissal) filed in federal

---

[3]     HRS § 52D-9 provides:

> [§52D-9] Determination of scope of duty. The determination of whether an act, for which the police officer is being prosecuted or sued, was done in the performance of the police officer's duty, so as to entitle the police officer to be represented by counsel provided by the county, shall be made by the police commission of the county. Before making a determination, the police commission shall consult the county attorney or the corporation counsel, who may make a recommendation to the police commission with respect thereto if the county attorney or corporation counsel so desires. The determination of the police commission shall be conclusive for the purpose of this section and section 52D-8.

[4] HRS § 91-14 provides for judicial review of contested cases.

3

district court on February 6, 2008. These documents show that, soon after the Commission Decision was issued, Crisafulli had settled and dismissed his claims in the lawsuit, including a full release of Kaaukai and the County from liability. The circuit court held a hearing on August 7, 2008 and confirmed that there was no dispute that the settlement covered any potential liability of Kaaukai. The circuit court thus held that the appeal was moot.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Kaaukai's points of error as follows:

(1) We do not agree with Kaaukai's contention that the circuit court abused its discretion in considering the Release and Stipulation for Dismissal submitted by the County to the circuit court. These documents did not exist at the time of the Commission Decision and the circuit court properly considered them for purposes of determining whether the case had become moot.

Although HRS § 91-14(f) provides that judicial review of contested cases "shall be confined to the record," the County did not attempt to introduce to the circuit court additional materials regarding the merits of the appeal. Instead, the documents were pertinent to mootness and the justiciability of the case.

> The mootness doctrine is said to encompass the circumstances that destroy the justiciability of a suit previously suitable for determination. Put another way, the suit must remain alive throughout the course of litigation to the moment of final appellate disposition. Its chief purpose is to assure that the adversary system, once set in operation, remains properly fueled. The doctrine seems appropriate where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant

> on appeal—adverse interest and effective remedy—have been compromised.

Lathrop v. Sakatani, 111 Hawai'i 307, 312-13, 141 P.3d 480, 485-86 (2006) (citations omitted).

"It is axiomatic that mootness is an issue of subject matter jurisdiction." Hamilton ex rel. Lethem v. Lethem, 119 Hawai'i 1, 4, 193 P.3d 839, 842 (2008). Every court must determine "as a threshold matter whether it has jurisdiction to decide the issue presented." Pele Def. Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 67, 881 P.2d 1210, 1213 (1994) (citation omitted).

The parties had an affirmative duty to disclose the Release and the Stipulation for Dismissal to the circuit court where the settlement and dismissal of Crisafulli's claims affected the justiciability of the case. As in AIG Hawai'i Insurance Co. v. Bateman, the execution of the Release and filing of the Stipulation for Dismissal were facts "clearly material to the proceeding brought before [the] court, and counsel for the parties had an affirmative duty to inform [the] court of the settlement." 82 Hawai'i 453, 460, 923 P.2d 395, 402 (1996), amended by AIG Haw. Ins. Co. v. Bateman, 83 Hawai'i 203, 925 P.2d 373 (1996).

The circuit court thus properly considered the Release and the Stipulation for Dismissal in order to determine whether the case was moot.

(2) We review de novo whether the circuit court correctly determined that Kaaukai's appeal was moot. Hamilton ex rel. Lethem, 119 Hawai'i at 4-5, 193 P.3d at 842-43.

> [T]he duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.

5

> Courts will not consume time deciding abstract
> propositions of law or moot cases, and have no jurisdiction
> to do so.

Lathrop, 111 Hawai'i at 312, 141 P.3d at 485 (quoting Wong v. Bd. of Regents, Univ. of Hawai'i, 62 Haw. 391, 394-95, 616 P.2d 201, 204 (1980)). "A case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law." Kona Old Hawaiian Trails Grp. v. Lyman, 69 Haw. 81, 87, 734 P.2d 161, 165 (1987) (internal quotation mark and brackets omitted). Further, a case is moot "if the reviewing court can no longer grant effective relief." Kaho'ohanohano v. State, 114 Hawai'i 302, 332, 162 P.3d 696, 726 (2007) (quotation and italics omitted).

Here, the settlement and dismissal of Crisafulli's claims against Kaaukai and the County completely changed the character of this case because there was no longer a live controversy as to whether the County should provide representation for Kaaukai and the circuit court could no longer grant any effective relief. Kaaukai argues that he had legal costs and fees out of pocket, but there is nothing in the record showing such costs and fees or that they are related to defending against Crisafulli's civil action against Kaaukai. Moreover, Kaaukai does not dispute the County's contention that neither he nor anyone on his behalf made an appearance in the Crisafulli lawsuit. Kaaukai also argues that the County filed a cross-claim against him in the Crisafulli lawsuit, apparently suggesting that this supported some kind of ongoing controversy. However, Crisafulli settled and dismissed all claims against Kaaukai *and* the County, and moreover, the circuit court confirmed with the parties that the settlement covered any potential liability for Kaaukai.

(3)  The circuit court did not err in declining to decide the case on the basis of the public interest exception to the mootness doctrine.

When determining whether the public interest exception applies, the courts consider "(1) the public or private nature of the question presented, (2) the desirability of an authoritative determination for future guidance of public officers, and (3) the likelihood of future recurrence of the question."  Hamilton ex rel. Lethem, 119 Hawaiʻi at 6-7, 193 P.3d at 844-45.  "[C]ases in this jurisdiction that have applied the public interest exception have focused largely on political or legislative issues that affect a significant number of Hawaiʻi residents."  Id. at 7, 193 P.3d at 845.

Notwithstanding the issues raised by Kaaukai challenging, in part, the process utilized by the Commission, his appeal to the circuit court involved a private matter and not a public matter that would affect a significant number of Hawaiʻi residents.  That is, his appeal involved whether he was entitled to legal representation in the civil action brought by Crisafulli and whether the Commission's process in his case was proper.  Further, Kaaukai "has not provided any evidence in the record that the issues presented in his appeal involve political or legislative matters that will affect a significant number of people."  Id.  Therefore, Kaaukai does not meet the requirements of the first prong of the public interest exception.  Id.

The circuit court was correct not to apply the public interest exception to the mootness doctrine.

(4) Kaaukai's final argument is that the collateral consequences exception to the mootness doctrine applies to this case.  Kaaukai's opening brief suggests that he failed to raise this argument before the circuit court because the collateral consequences exception was first explicitly adopted in Hawaiʻi in

Hamilton ex rel. Lethem, which was issued two months after the circuit court's ruling in this case. This exception, however, had previously been adopted and applied by this court in In re Doe, 81 Hawai'i 91, 912 P.2d 588 (App. 1996).

Even if we consider this issue, we conclude the collateral consequences exception does not apply in this case. Kaaukai alleges a variety of consequences which have no relation to the Commission Decision.[5] Moreover, he fails to establish any support in the record or any persuasive authority that it is "reasonably possible" that the unreviewed Commission Decision will cause him reputational or other harm. See Hamilton ex rel. Lethem, 119 Hawai'i at 10, 193 P.3d at 848. "[T]he litigant must establish these consequences by more than mere conjecture, but need not demonstrate that these consequences are more probable than not." Id. at 8, 193 P.3d at 846 (quoting Putman v. Kennedy, 900 A.2d 1256, 1261 (Conn. 2006)) (italics omitted).

Kaaukai asserts, without any basis in the record, that "[h]e was subject to reduced employment opportunities; public scorn on the implication that the County determined he was involved in a civil rights incident[.]" Importantly, however, the Commission Decision relied on the results of two other investigations, one of which led to Kaaukai's termination, to support its conclusion that Kaaukai did not act in the performance of his duties as a police officer and thus was not entitled to legal representation. In short, even if we assume the harm he alleges, it was not the Commission Decision which subjected Kaaukai to reduced employment opportunities or to alleged public scorn. Rather, any alleged harm was the result of

---

[5] For instance, Kaaukai argues he lost his job as a police officer based on the allegations by Crisafulli and that there is continued employment litigation pursuant to collective bargaining. He makes no connection between these matters and the Commission Decision regarding legal representation in Crisafulli's lawsuit.

the two other investigations and the termination of Kaaukai's employment, which occurred before the Commission Decision was issued. This case, therefore, is distinguishable from Hamilton ex rel. Lethem, 119 Hawai'i at 11, 193 P.3d at 849 (holding that "there is a 'reasonable possibility' that the family court's issuance of the TRO against Father, which was based upon its findings and conclusions that Father abused his daughter, will cause harm to Father's reputation.").

The collateral consequences exception is not applicable in this case.

(5) As a final matter, we note that although the circuit court determined the case was moot, its disposition in its August 21, 2008 order was to affirm the Commission Decision and, on September 18, 2008, final judgment was entered in favor of the County and the Commission. Where a case is determined to be moot, however, a court lacks subject matter jurisdiction and the appropriate disposition would be to dismiss the case. See Application of Thomas, 73 Haw. 223, 228, 832 P.2d 253, 255-56 (1992). Although this issue was not raised by either party,

> [i]t is well-established ... that lack of subject matter jurisdiction can never be waived by any party at any time. . . . Accordingly, [w]hen reviewing a case where the circuit court lacked subject matter jurisdiction, the appellate court retains jurisdiction, not on the merits, but for the purpose of correcting the error in jurisdiction.

Koga Eng'g & Const., Inc. v. State, 122 Hawai'i 60, 84, 222 P.3d 979, 1003 (2010) (citations and internal quotation marks omitted).

Therefore, because the disposition below appears to effect an exercise of jurisdiction by the circuit court, we remand to the circuit court to enter a dismissal of the case. See Life of the Land v. Burns, 59 Haw. 244, 580 P.2d 405 (1978) (where issue below was moot, case was remanded with direction to

9

dismiss the amended complaint); <u>Exit Co. Ltd. P'ship v. Airlines Capital Corp.</u>, 7 Haw. App. 363, 366, 766 P.2d 129, 131 (1988).

Therefore,

IT IS HEREBY ORDERED THAT the final judgment entered on September 18, 2008 by the circuit court is vacated and the case is remanded with directions that the circuit court enter a dismissal of the case.

DATED:  Honolulu, Hawai'i, January 18, 2012.

On the briefs:

Matthew S. Kohm
for Petitioner-Appellant/Appellant

Richard Rost
Deputy Corporation Counsel
County of Maui
for Respondent-Appellee/Appellee

Chief Judge

Associate Judge

Associate Judge

10